IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THOMAS-MARTIN HAPPLE, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civ. No. 24-90-GBW |
| | : |
| KATHLEEN WILSON, *et al.*, | : |
| | : |
| Defendants. | : |

Thomas-Martin Happle, Millsboro, Delaware – *Pro se* Plaintiff

Allyson M. Britton and James H. McMackin, III, MORRIS JAMES LLP, Wilmington, Delaware – Counsel for Defendants Kathleen Wilson and John Doe

**MEMORANDUM OPINION**

January 30, 2025
Wilmington, Delaware

**WILLIAMS, U.S. District Judge:**

**I. INTRODUCTION**

On January 24, 2024, Plaintiff Thomas-Martin Happle initiated this *pro se* action with the filing of a Complaint. (D.I. 1.) Now pending before the Court is Defendants Kathleen Wilson and John Doe's motion to dismiss for failure to state a claim. (D.I. 5.) Also pending before the Court is Plaintiff's motion to move this matter into an Article III, Section 1 court of equity. (D.I. 7.) The Court grants Defendants' motion to dismiss and denies Plaintiff's motion to move this matter for the reasons explained below.

**II. BACKGROUND**

According to the Complaint, on October 17, 2023, Plaintiff was in the parking lot of Long Neck Elementary School, in Millsboro, Delaware, midday. (D.I. 1-1 at 3.) Plaintiff was approached by a constable, Defendant Doe, who asked why Plaintiff's vehicle was parked in the school parking lot. (*Id.*) Plaintiff explained that he had to service his wife's vehicle, that he had parked in the only empty spot, and that he was now leaving. (*Id.*) Defendant Doe then informed Plaintiff that Plaintiff could not leave and that some of the contents of Plaintiff's vehicle were not allowed on school grounds. (*Id.*)

Based on this statement, Plaintiff concluded that Defendant Doe had illegally searched Plaintiff's vehicle, at which time, Plaintiff got into his vehicle and

1

attempted to leave the premises. (*Id.*) Defendant Doe then tried to open the driver's side door of Plaintiff's vehicle, but Plaintiff closed and locked the door. (*Id.*) The elementary school principal, Defendant Wilson, then "jumped in front of [Plaintiff's] car like a crazy person," apparently to prevent Plaintiff from leaving. (*Id.*) Plaintiff concluded that Defendants Doe and Wilson were attempting to kidnap Plaintiff, which upset Plaintiff and made him fear for his life because he knew Defendant Doe was armed, prompting Plaintiff to drive home and called the school about the incident. (*Id.*) Plaintiff also spoke with a Delaware State trooper about pressing charges and having Defendants Doe and Wilson removed from their positions, but no such actions were taken. (*Id.*)

On or about December 21, 2023, Plaintiff prepared a written account of the events of October 17, 2023, along with two invoices, charging Defendants Doe and Wilson with penalties, totaling $4,350,000 each, for armed kidnapping, armed assault and battery, conspiracy to deprive Plaintiff of life, liberty, or property, and nine other outlined offenses. (*See* D.I. 1-1.) Plaintiff attempted to send copies of his written account, along with the invoices, to Defendants Doe and Wilson. (D.I. 1 at 6.) Defendants apparently did not respond to Plaintiff's invoices, which the Complaint asserts amounts to default. (*Id.* at 7.)

Based on the foregoing, the Complaint alleges that Defendants Doe and Wilson illegally searched Plaintiff's vehicle, attempted to kidnap Plaintiff,

2

threatened Plaintiff with a deadly weapon, and caused him emotional distress. (*Id.* at 6.) The Complaint further alleges that Defendants violated federal statutes, including 18 U.S.C. §§ 241,[1] 242,[2] 1201,[3] 1581,[4] and 3571,[5] 28 U.S.C. § 3002(15),[6] and 42 U.S.C. § 1994,[7] as well as federal regulations, including 32 C.F.R. § 536.77(a)(3)(vii)[8] and 42 C.F.R. § 488.301.[9] (*Id.* at 3.) Finally, the Complaint alleges that Defendants violated the Uniform Commercial Code (UCC), apparently by failing to respond to Plaintiff's penalty invoices. (*Id.* at 4.)

---

[1] 18 U.S.C. § 241 prohibits conspiracies infringing upon rights.

[2] 18 U.S.C. § 242 prohibits deprivation of rights under color of law.

[3] 18 U.S.C. § 1201 prohibits kidnapping.

[4] 18 U.S.C. § 1581 prohibits peonage and arrest with intent to place someone in conditions of peonage.

[5] 18 U.S.C. § 3571 sets out the potential fines imposed upon federal defendants who are found guilty of infractions, misdemeanors, and felony offenses.

[6] 28 U.S.C. § 3002 is a definitional statute, and § 3002(15) sets out the definition of the United States for purposes of federal debt collection procedure.

[7] 42 U.S.C. § 1994 abolishes peonage.

[8] 32 C.F.R. § 536.77 sets out applicable law for claims under the Military Claims Act (MCA), and § 536.77(a)(3)(vii) sets out the limited conditions under which claims of negligent and intentional infliction of emotional distress may be entertained under the MCA.

[9] 42 C.F.R. § 488.301 is a definitional section for the regulatory standards set out for long-term care facilities providing Medicare and Medicaid services.

The complaint also alleges that Plaintiff and his wife sustained injuries from the foregoing in the form of emotional distress, mental anguish, abuse, and harassment. (*Id.* at 7.) On this basis, Plaintiff now seeks $4,550,000 in money damages from each Defendant. (*Id.*) Plaintiff also seeks injunctive relief in the form of Defendants Doe and Wilson being "released from their positions" as constable and elementary school principal, respectively. (*Id.*)

### III. LEGAL STANDARD

In reviewing a motion to dismiss filed under Fed. R. Civ. P. 12(b)(6), the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to Plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94.

A Rule 12(b)(6) motion may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the complainant, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). "Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241

4

(3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). The Court is "not required to credit bald assertions or legal conclusions improperly alleged in the complaint." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002). A complaint may not be dismissed, however, "for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014).

A complainant must plead facts sufficient to show that a claim has "substantive plausibility." *Id.* at 12. That plausibility must be found on the face of the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the [complainant] pleads factual content that allows the court to draw the reasonable inference that the [accused] is liable for the misconduct alleged." *Id.* Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

IV. **DISCUSSION**

Upon review, the Court finds that the Complaint fails to state a claim upon which relief can be granted. Accordingly, Federal Rule of Civil Procedure 12(b)(6) warrants dismissal of this action. Even when liberally construed and viewed in the light most favorable to Plaintiff, the factual allegations in the Complaint offer no plausible basis for a federal civil action and, thus, the Complaint cannot raise a claim

of entitlement to relief.

To review, Plaintiff fled from an elementary school parking lot after a law enforcement officer said that some of the contents of Plaintiff's vehicle were not permitted on school grounds and told Plaintiff that he could not leave. This officer, along with the elementary school principal, then attempted to prevent Plaintiff from fleeing. Then Plaintiff attempted to send the officer and the principal invoices for penalties, totaling $4,350,000 each, which were apparently ignored or not received.

The Court cannot reasonably infer from the foregoing that Defendants illegally searched Plaintiff's vehicle, attempted to kidnap Plaintiff, threatened Plaintiff with a deadly weapon, or caused him emotional distress for which he could seek relief from this Court. The Court also cannot reasonably infer from the foregoing any violation of the UCC, or the federal statutes and regulations listed in the Complaint.

Even if the Court could reasonably infer violations of federal criminal law from the Complaint, which it cannot, the criminal statutes do not confer a private right of action. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 283-84 (2002). Private parties, such as Plaintiff, cannot enforce criminal statutes by way of civil actions. *See Leeke v. Timmerman*, 454 U.S. 83, 85-86 (1981) (per curiam); *see also United States v. Friedland*, 83 F.3d 1531, 1539 (3d Cir. 1996).

The Complaints fails to state a claim upon which relief can be granted, and

6

the Court gleans no plausible basis for a federal civil action from the facts alleged. As such, dismissal is warranted, and amendment is futile.

## V. CONCLUSION

For the reasons discussed above, the Court grants Defendants' motion to dismiss. (D.I. 5.) The Complaint fails to state a claim upon which relief can be granted, and amendment is futile. The Court denies as moot Plaintiff's motion to move this matter into an Article III, Section 1 court of equity. (D.I. 7.)

An appropriate Order will be entered.